UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MICKEY ANDREW LOVETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00010-TWP-DML |
| ) | |
| STEAK N' SHAKE, LUDEK HAMALA, ) | |
| TODD KNIEBBE, and KENDOL MADDOX, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Court on Defendants Steak N' Shake, Ludek Hamala ("Hamala"), Todd Kniebbe ("Kniebbe"), and Kendol Maddox's ("Maddox") (collectively, "Defendants") Partial Motion to Dismiss. (Filing No. 25.) On March 3, 2021, Plaintiff Mickey A. Lovett, Jr. ("Lovett"), *pro se*, filed an Amended Complaint alleging employment discrimination and retaliation on the basis of race, color, and disability. (Filing No. 7.) The Defendants seek partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), arguing that the Court lacks personal jurisdiction over Hamala and Kniebbe, and that Lovett fails to state a claim upon which relief may be granted. For the following reasons, the Court **grants** the Defendants' Partial Motion to Dismiss.

I. **BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Lovett as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Lovett was a Server at Steak N' Shake's St. Petersburg, Florida location from approximately August 24, 2018 until March 27, 2019. (Filing No. 7-1 at 4.) While working for Steak N' Shake

at this location, Lovett's General Manager, Hamala, made "racially charged comments" toward Lovett. *Id*. Due to Hamala's discriminatory speech, Lovett complained to Steak N' Shake's Human Resources Hotline about Hamala's comments and Steak N' Shake's "inappropriate and hostile workplace." *Id*. He also spoke with Division President Kniebbe and expressed his concerns about the "issues" at the restaurant. (Filing No. 7 at 21.) An employee relations manager later informed Lovett that Hamala would not face remedial action. (Filing No. 7-1 at 4.) After Lovett made his complaint, his hours were significantly decreased from being a full-time employee to only working nine and one-half hours per week. *Id*. Eventually, Lovett was transferred to another Steak N' Shake location and left St. Petersburg. (Filing No. 7 at 27–30.)

On September 11, 2019, Lovett submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"). In his charge, Lovett wrote:

> Charging Party ("CP") is African-American. Charging Party worked for Steak N' Shake as a Server from around August 24, 2018 until he was unlawful (sic) termination on or around March 27, 2019. During Charging Party's employment, he had been subjected to disparate treatment by Respondent on account of his race and color. For example, the General Manager, Ludek would make racially charged comments toward CP. On January 30, 2019, the Charging Party alerted the HR hotline about their inappropriate and hostile workplace. Right after the complaint was made, CP's hours were cut dramatically from being a full-time employee to only working 9.5 hours a week. On February 5, 2019, CP received a letter from Rebekah Schuck, the employee relations manager notifying CP that there will be no remedial action taken towards General Manager, Ludek. Respondent applies its policies selectively depending on race and color of the offender. Clearly, CP was subject to adverse employment action by Respondent, including but not limited to, being terminated for engaging in protected activity under Title VII, the FCRA and Section 1981. Respondent's reason for termination is pretext.
>
> **Statement of Discrimination:**
> Charging Party has been subjected to unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA") based on his race and color.

(Filing No. 7-1 at 4.) After Lovett submitted his Charge, he received a right-to-sue letter from the EEOC and initiated this lawsuit. *Id.* at 1–2.

Read liberally, Lovett's Amended Complaint alleges that the Defendants violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act ("ADA"), and other unidentified federal and state laws. Specifically, Lovett alleges that as an Black male who suffers from seizures, that the Defendants: (1) caused him to suffer an inappropriate and hostile work environment because of his race, color, and disability; (2) retaliated against him for complaining about the alleged discriminatory practices; and (3) subjected him to discrimination because of his race, color, and disability. (Filing No. 7.) On July 28, 2021, the Defendants timely moved to partially dismiss the claims against them. (Filing No. 25.)

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When deciding a Rule 12(b)(2) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff if they weigh on personal jurisdiction. *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). If the complaint, however, consists of conclusory allegations unsupported by factual allegations, the complaint fails the liberal standard of Rule 12(b). *Id.*

The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of plaintiff's burden is dependent upon the method in which the court determines the issue of personal jurisdiction. *Id.* "When the ... court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must

establish [personal] jurisdiction by a preponderance of the evidence." *Id.* But where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009).

In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue,* 338 F.3d at 782–83. This evidence submitted by the defendant may include affidavits, unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id.* at 783 n. 13 (citing *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002)).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint that has failed to "state a claim upon which relief can be granted." When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. Courts, however, "are not obligated to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual

4

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

This Court recognizes that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even though the court gives liberal construction to a *pro se* plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

### III. DISCUSSION

The Defendants make five arguments in their Partial Motion to Dismiss: (1) Lovett's claims against Hamala and Kniebbe fail because this Court lacks personal jurisdiction over them; (2) Lovett's ADA claim fails because it exceeds the scope of the Charge of Discrimination Lovett filed with the EEOC; (3) Lovett's claims against Maddox and Steak N' Shake's Indiana location fail because the claims exceed the scope of the Charge of Discrimination Lovett filed with the EEOC; (4) Lovett's Title VII race and color discrimination claim against Hamala, Kniebbe, and Maddox

as individuals fails because Title VII does not provide for individual liability; and (5) Lovett's claims under statutes other than Title VII fail to state a claim upon which relief can be granted. (Filing No. 26.) The Court will address each argument in turn.

A.      **Lovett's Claims Against Hamala and Kniebbe**

Defendants contend that this Court lacks either general or specific jurisdiction over Hamala and Kniebbe. (Filing No. 26 at 8.) As stated by Defendants, Lovett alleges in his Amended Complaint that both Hamala and Kniebbe live in St. Petersburg, Florida and all alleged misconduct occurred in Florida. *Id.* at 9. Defendants argue that Lovett does not allege that this Court has personal jurisdiction over Hamala or Kniebbe and has not alleged they "otherwise had any continuous or systematic contacts with … the State of Indiana." *Id.* In support of their arguments, Defendants submitted affidavits from Hamala and Kniebbe regarding their contacts with Indiana. (Filing Nos. 26-1 and 26-2.) Because the submitted affidavits contain more than conclusory assertions that this Court lacks personal jurisdiction over Hamala and Kniebbe, Lovett was required to "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue,* 338 F.3d at 782–83. The only evidence Lovett provided in response to the Defendants' evidence was his Proposed Order Denying the Defendants' Motion to Dismiss. (Filing No. 29.) This was not sufficient to establish personal jurisdiction. Therefore, Lovett has not made a *prima facie* case of personal jurisdiction.

Accordingly, this Court **dismisses** Lovett's claims against Hamala and Kniebbe for lack of personal jurisdiction.

B.      **Lovett's ADA Claim**

Defendants seek dismissal of Lovett's ADA claim based on his failure to include it in his EEOC Charge of Discrimination. (Filing No. 26 at 5.) There are a number of prerequisites to the

6

successful maintenance of a claim under the ADA.[1]  *See* 42 U.S.C. § 2000e-5.  First, the party must file a charge with the EEOC within the period of time allotted by the statute.  *See id.*  Second, the EEOC must issue a right to sue letter.  *See id.*  Here, there is no question that Lovett followed these steps.

As a general rule, a plaintiff cannot bring discrimination claims in a lawsuit that were not included in his EEOC charge.  *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  "This limitation is consistent with the principle of primary jurisdiction in the agency, for it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts."  *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).  This rule serves as a condition precedent with which plaintiffs must comply.  *Cheek*, 31 F.3d at 500.  Allowing a Title VII or ADA plaintiff's complaint to deviate from the allegations in the EEOC charge would "frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge."  *Id.*

Because most EEOC charges are completed by non-lawyers, however, a plaintiff does not need to allege in an EEOC charge each and every fact that combine to form the basis of each claim in his complaint.  *Id.*  Instead, the Seventh Circuit in *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, generated a test for determining whether an EEOC charge encompasses the claims in a complaint.  538 F.2d 164, 167 (7th Cir. 1976) (en banc), *cert. denied*.  Under the *Jenkins* test, all claims set forth in a complaint are cognizable that are "'like or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Id.* (quoting *Danner v. Phillips Petroleum Co.*, 447

---

[1] Like a Title VII plaintiff, an ADA plaintiff must also file a timely charge of employment discrimination with the EEOC before initiating a suit in a United States district court.  42 U.S.C. § 2000e-5; 42 U.S.C. § 12117.  Furthermore, the ADA adopts the enforcement and filing procedures and the timing requirements governing Title VII. 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117.

7

F.2d 159, 162 (5th Cir. 1971)) *cert. denied*. "Thus the test of *Jenkins* is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 500; *see also Gawley v. Indiana Univ.*, 276 F.3d 301, 313 (7th Cir. 2001) ("a Title VII plaintiff may bring only those claims that were included in her original charge, or that are like or reasonably related to the allegations of the charge or growing out of the charge.") (citations omitted). To meet this standard, the EEOC charge and the complaint "must, at a minimum, describe the same conduct and implicate the same individuals." *Gawley*, 276 F.3d at 313.

To determine whether Lovett's claim of disability discrimination is reasonably related to the allegation in his EEOC Charge, the Court first examines the allegations in the body of the charge. *Cheek*, 31 F.3d at 500. Lovett's Charge does not include an allegation that he is disabled or that he was discriminated against because of his disability. (Filing No. 7-1 at 4.) Furthermore, Lovett did not select the "Disability" box on the EEOC charge form (the form also includes boxes for discrimination based on race, color, religion, national origin, age, and retaliation). *Id.*

Because Lovett did not include any allegation of disability discrimination in his EEOC Charge, there is no reasonable relationship between the allegations in his Charge and the claims in his Amended Complaint. (Filing No. 7-1.) Therefore, this claim must be **dismissed**.

C. **Lovett's Claims Against Maddox and Steak N' Shake's Indiana Location**

Defendants next argue that Lovett's claims against Defendants Maddox and Steak N' Shake's Indiana location should be dismissed because he failed to make any specific allegations against them in his EEOC Charge of Discrimination. (Filing No. 26 at 6.) To determine whether Lovett's claims against Maddox, General Manager of the Steak N' Shake Indiana location, and

8

Steak N' Shake's Indiana location fall within the allegations in his EEOC Charge, the Court, once again, begins by examining the allegations in the body of Lovett's Charge. *See Cheek*, 31 F.3d at 500.

In his Charge, Lovett neither mentions Maddox, nor does he include any events that took place at Steak N' Shake's Indiana location. Therefore, the claims against Maddox and Steak N' Shake's Indiana location asserted in Lovett's Amended Complaint cannot be said to have a reasonable relationship with the allegations of retaliation and race and color discrimination in his Charge. For this reason, the Court **dismisses** Lovett's claims against Maddox and Steak N' Shake's Indiana location.

D. **Lovett's Title VII Claims Against Hamala, Kniebbe, and Maddox as Individuals**

Defendants also argue that Lovett's Title VII claims against Hamala, Kniebbe, and Maddox should be dismissed because Title VII does not provide for individual liability. (Filing No. 26 at 6.) Seventh Circuit case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII. *Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999). Title VII, the ADA, and the Age Discrimination in Employment Act ("ADEA") use virtually the same definition of "employer," and "[c]ourts routinely apply arguments regarding individual liability to all three statutes interchangeably."[2] *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995). Because a supervisor, in his individual capacity, does not fall within Title VII's definition of employer, he cannot be held individually liable under the statute.[3] *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *see also Silk*, 194 F.3d at 797 n.5

---

[2] Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees… and any agent of such person[.]" 42 U.S.C. § 2000e(b). The corresponding provisions of the ADA and the ADEA are found at 42 U.S.C. § 12111(5)(A), and 29 U.S.C. § 630(b), respectively.

[3] This Court uses "individual liability" to mean the liability of individuals who do not otherwise meet the statutory definition of employer. *See AIC Securities*, 55 F.3d at 1280 n.2.

(noting that the ADA provides only for employer liability, not individual liability).

Having previously determined that Lovett's claims against Hamala and Kniebbe are properly dismissed for lack of personal jurisdiction, the Court must only determine whether Lovett has stated a claim under Title VII against Maddox. Maddox, as an individual, does not fall within Title VII's definition of employer. Therefore, Maddox cannot be held individually liable and Lovett's Title VII claim against him is **dismissed**.

### E.     Lovett's Non-Title VII Claims

Finally, Defendants seek dismissal of Lovett's non-Title VII claims. (Filing No. 26 at 7.) In addition to Lovett's Title VII and ADA claims, Lovett also checked the requisite boxes in his Amended Complaint signifying claims under "other federal law" and "relevant state law." (Filing No. 7 at 2.) When asked to specify the applicable law, Lovett wrote "paying tax on money that has been stolen," "theft," and "threats involving injury." *Id.* Lovett, however, does not provide any factual backing for any of these claims. Specifically, Lovett does not identify: (1) any property allegedly stolen; (2) any taxes he paid on money that was stolen; or (3) any threat involving one of the Defendants. Because Lovett has not provided factual backing sufficient to "nudge[] [these] claims across the line from conceivable to plausible," he has failed to "state a claim upon which relief can be granted." *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 12(b)(6). Therefore, the Court **dismisses** these claims.

### IV.     CONCLUSION

For the preceding reasons, the Court **GRANTS** the Defendants' Partial Motion to Dismiss. (Filing No. 25.) Plaintiff's claims under the Americans with Disabilities Act, claims against Defendants Kendol Maddox, Ludek Hamala, and Todd Kniebbe in their individual capacity, claims against Defendants Maddox and Steak N' Shake relating to Lovett's employment with Steak

'N Shake in Indiana, and claims for theft, threats involving injury, and paying taxes on money that has been stolen are dismissed. The claims remaining for trial are the Title VII claims against Steak N' Shake for race discrimination, hostile work environment, and retaliation.

The **Clerk is directed to terminate** Maddox, Hamala and Kniebbe as Defendants in this action.

**SO ORDERED.**

Date: 3/1/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mickey Andrew Lovett, Jr.
3309 Julian Drive
New Albany, Indiana 47150

Barry Christopher Paige
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
barry.paige@ogletree.com